IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HOY RULE,

                Plaintiff,

v.                                      CIVIL ACTION NO.   2:12-cv-09801

WESTERN AND SOUTHERN LIFE
ASSURANCE COMPANY, et al.,

                Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

Pending are several motions including Plaintiff's motion to remand this case to the Circuit Court of Kanawha County, West Virginia [ECF 11]. As explained below, this Court lacks subject matter jurisdiction over this case. Thus, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia.

*I.  BACKGROUND*

This action, which purports to invoke this Court's diversity jurisdiction, arises from West Virginia Plaintiff Hoy Rule's allegations that Defendant Western & Southern Assurance Company ("Assurance"), an Ohio corporation, and their sales agent, Randy Young, a West Virginia resident, breached Plaintiff's life insurance contract and engaged in fraud and unfair trade practices when Assurance terminated Plaintiff's life insurance policy for lack of payment. According to the Complaint, Mr. Rule bought a life insurance policy in 1983 and paid premiums on that policy for over twenty-eight years. In 2011, Mr. Rule was sixty-seven years old and in poor health. In July 2011, Mr. Rule's wife neglected to make a payment on the life insurance policy. Defendant Assurance sent the Rules a termination notice in August 2011. The Complaint alleges that Mr.

Rule had not received a notice of cancellation prior to their receipt of the termination notice. In the August 2011 termination notice, Assurance advised Mr. Rule that they would reinstate the policy, but that Mr. Rule would have to answer health questions and undergo a health exam. Mr. Rule requested reinstatement, but Assurance rejected his application for reinstatement based on "physical reasons."

In October 2012, Mr. Rule filed his Complaint in the Circuit Court of Kanawha County, West Virginia alleging negligence, breach of contract, fraud, violations of the West Virginia Unfair Trade Practices Act (W. Va. Code § 33-11-1, *et seq.*), and other state law claims. (ECF 1–2.) The Complaint alleges eight counts against both Defendants "jointly and severally." (*Id.* at 11–15.)

Defendants timely removed the suit to federal court seeking to invoke the Court's diversity jurisdiction. Defendants asserted that Plaintiff fraudulently joined Defendant Assurance's sales agent, Randy Young, to defeat diversity jurisdiction. They cite West Virginia law for the proposition that insurance sales agents cannot be held personally liable in insurance contract or tort actions.

Plaintiff timely filed his motion to remand [ECF 11] arguing that Defendant Randy Young was not fraudulently joined.[1] Plaintiff argues that insurance sales agents may be held liable under the WVUTPA and cites supporting authority.

Defendants responded to the motion to remand (ECF 15) arguing that Defendants are not claiming that insurance agents cannot be sued under the WVUTPA. Rather, Defendants' point is

---

[1] This motion violates the Court's Local Rules of Civil Procedure and the provisions of the Court's Administrative Procedures for Electronic Case Filing (rev. Nov. 2012) because it does not contain a separate memorandum in support of the motion. See L.R. Civ. P. 7.1(a)(1) & (2) and Section 10 of the Court's Administrative Procedures for Electronic Case Filings. Counsel is cautioned to adhere to the Court's rules in future filings.

the WVUTPA does not even apply to any statements made by Defendant Young because those statements were made *after* Plaintiff's policy was cancelled. Defendants argue the UTPA prohibits misrepresentations "for the purpose of inducing or tending to induce the lapse, forfeiture, exchange, conversion or surrender of any insurance policy." Because the insurance policy had already lapsed at the time Mr. Young sent his letter, Defendants argue that this section has no application. Defendants also argue that the WVUTPA's one-year statute of limitations bars this claim because the policy lapsed in July 2011 and the Complaint was not filed until October 25, 2012.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1332(a)(1), the statutory source of the Court's diversity jurisdiction, a district court has original jurisdiction where the matter in controversy exceeds $75,000 and is between "citizens of different States." A court may disregard the citizenship of a defendant fraudulently joined. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999) (citing *Cobb v. Delta Exps., Inc*., 186 F.3d 675, 677–78 (5th Cir.1999)).

To show fraudulent joinder, the removing party must demonstrate either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424–25 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp*., 6 F.3d 229, 232 (4th Cir.1993) (internal quotation marks omitted)) . The party alleging fraudulent joinder bears a heavy burden and must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. *Marshall*, 6 F.3d. at 232-33. All open questions of fact and law must be resolved in the light most favorable to the plaintiff.

*Angius v. Branch Banking and Trust Co.*, Civil Action No. 2:–06–1006, 2007 WL 274050 at *2 (S.D. W. Va. 2007) (Copenhaver, J.) (citing *Mayes*, 198 F.3d at 464). "[T]here need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Hartley*, 187 F.3d at 426. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id. See, e.g., Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) (inquiry into validity of complaint is more searching under Rule 12(b)(6) than when party claims fraudulent joinder). [C]ourts should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* (citing *Marshall*, 6 F.3d at 232).

Here, in addition to his common law claims, Plaintiff asserts a violation of the WVUTPA. The WVUTPA regulates insurance trade practices by defining and prohibiting unfair or deceptive practices. *Halkias v. AXA Equitable Life Ins. Co.*, No. Civil Action No. 2:05-CV-00438, 2006 WL 890620 at *3 (S.D. W. Va. April 4, 2006) (Goodwin, J.) (citing W. Va. Code § 33-11-1 (2003)). Under the WVUTPA, "[n]o person shall engage in this state in any trade practice which is defined in this article as . . . an unfair or deceptive act or practice in the business of insurance." W. Va. Code Section 33-11-3. The Supreme Court of Appeals of West Virginia has found that the use of the term "person" in the WVUTPA creates a private cause of action against employees of insurance companies who engage in conduct violating the Act. *See Taylor v. Nationwide Mut. Ins. Co.*, 589 S.E.2d 55, 61 (W. Va. 2003) (finding that "a cause of action exists in West Virginia to hold a claims adjuster employed by an insurance company personally liable for violations of the [WVUTPA]").

4

Plaintiff does not specify in his Complaint which of the many sub-sections of the WVUTPA he relies upon, but it appears from his briefing his claim is rooted in West Virginia Code Section 33–11-4(1)(f)  This sub-section provides in pertinent part as follows:

> § 33–11–4(1) *Misrepresentation and false advertising of insurance policies.* - -No person shall make . . . any . . . statement . . . [or] omission which:
>
> . . . . .
>
> (f)  Is a misrepresentation for the purpose of inducing or tending to induce the lapse, forfeiture, exchange, conversion or surrender of any insurance policy.

In his Complaint Mr. Rule attributes two statements by Defendant Young, both of which were allegedly made by Young in an August 2011 letter to Mr. Rule: (1) that Rule's life insurance policy had lapsed on July 18, 2011, "due to non-payment"; and (2) that Rule could seek reinstatement of the policy if he underwent a health exam.  Mr. Rule alleges that his wife "forgot to pay" the July 11, 2011 premium.  Mr. Rule, however, states that he did not receive a notice of cancellation.  He then alleges that Assurance offered to reinstate the policy on terms that Plaintiff could not possibly meet due to Plaintiff's poor health.

Construing Plaintiff's Complaint and the parties' supporting materials in the light most favorable to Plaintiff, his theory of liability for Young under the WVUTPA is that Young's letter contained misrepresentations intended to induce the forfeiture of the policy in violation of law and in violation of contractual terms governing cancellation.  (*See* Complaint at ¶ 18.)  Plaintiff's theory appears to be that because Defendant allegedly failed to provide Plaintiff with a notice of cancellation, Mr. Young's statement that the policy had lapsed was a misrepresentation. Although the parties have not cited any case authority with analogous facts, it appears that such conduct might fall within the proscription of West Virginia Code Section 33–11–4(1).

While Plaintiff's theory may not, in the end, be legally and factually tenable, the Court cannot find that there is no possibility that Plaintiff would be able to establish a cause of action against the in-state defendant in state court under this theory. As noted by Plaintiff, an agent is specifically included within the definition of "person" under the WVUTPA. (ECF 11 at 5.) In *Taylor v. Nationwide Mut. Ins. Co.* 589 S.E.2d at 61, the Supreme Court of Appeals of West Virginia held that a cause of action exists in West Virginia to hold a claims adjuster employed by an insurance company personally liable for violations of the [WVUTPA]. Also, this Court has previously found that claims under the WVUPTA can be asserted against insurance agents. *See Halkias v. AXA Equitable Life Ins. Co.*, 2006 WL 890620 at *3. Thus, there is at least a glimmer of hope that Plaintiff's WVUTPA claim is legally viable. Having so found, the Court need not consider the parties' remaining arguments.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     September 9, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE